UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JAIRE MCALLISTER, LEISHAU MCALLISTER,
MONAI MCALLISTER, JEMEIL DEFREITAS,
ANDREW GORDON, NATHANIEL WASHINGTON,
KATIA LUCIEN,

               Plaintiffs,  **COMPLAINT**

                                JURY DEMAND

    -against-

THE CITY OF NEW YORK,
Officer GARRETT GORHAM,
Officer ANGEL PIMENTEL, Captain ANTHONY
LONGOBORDI, Officer ALAN CHAU,
Detective BEK, Officer CEDENO,
Officer BARHAM, Officer FIONDOLA, Officer
AADIL ISHAQ, JOHN DOES #1-10,

               Defendants.
------------------------------------------------------------X

      The Plaintiffs, JAIRE MCALLISTER, LEISHAU MCALLISTER, MONAI MCALLISTER, JOHNNY LEE ALICEA, JEMEIL DEFREITAS, ANDREW GORDON, NATHANIEL WASHINGTON, and KATIA LUCIEN by their attorney, The Rameau Law Firm, allege the following, upon information and belief for this Complaint:

## INTRODUCTION

      1.    This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the common law of the State of New York,

against the individual police officers identified herein and their employer, the City of New York.

## PARTIES, VENUE AND JURISDICTION

2. Plaintiff JAIRE MCALLISTER is a resident of Kings County in the City and State of New York and of proper age to commence this lawsuit.

3. Plaintiff LEISHAU MCALLISTER is a resident of Kings County in the City and State of New York and of proper age to commence this lawsuit.

4. Plaintiff MONAI MCALLISTER is a resident of Kings County in the City and State of New York and of proper age to commence this lawsuit.

5. Plaintiff JEMEIL DEFREITAS is a resident of Kings County in the City and State of New York and of proper age to commence this lawsuit.

6. Plaintiffs ANDREW GORDON is a resident of Kings County in the City and State of New York and of proper age to commence this lawsuit.

7. Plaintiff NATHANIEL WASHINGTON is a resident of Kings County in the City and State of New York and of proper age to commence this lawsuit.

8. Plaintiff KATIA LUCIEN is a resident of Kings County in the City and State of New York and of proper age to commence this lawsuit.

9. At all relevant times hereinafter mentioned, defendant GARRETT GORHAM was employed by the City of New York as a member of the New York City Police Department ("NYPD"). GORHAM is sued in his individual and official capacities.

10. At all relevant times hereinafter mentioned, defendant Officer ANGEL PIMENTEL was employed by the City of New York as a member of the

NYPD. Defendant officer PIMENTEL is sued in her individual and official capacities.

11. At all relevant times hereinafter mentioned, defendant Captain ANTHONY LONGOBORDI was employed by the City of New York as a member of the NYPD. Defendant Captain LONGOBORDI is sued in his individual and official capacities.

12. At all relevant times hereinafter mentioned, defendant officer ALLAN CHAU was employed by the City of New York as a member of the NYPD. Officer CHAU is sued in his individual and official capacities.

13. At all relevant times hereinafter mentioned, defendant detective BEK was employed by the City of New York as a member of the NYPD. Detective BEK is sued in his individual and official capacities.

14. At all relevant times hereinafter mentioned, defendant officer CEDENO was employed by the City of New York as a member of the NYPD. Officer CEDENO is sued in his individual and official capacities.

15. At all relevant times hereinafter mentioned, defendant officer BARHAM was employed by the City of New York as a member of the NYPD. Officer BARHAM is sued in his individual and official capacities.

16. At all relevant times hereinafter mentioned, defendant officer FIONDOLA was employed by the City of New York as a member of the NYPD. Officer FIONDOLA is sued in his individual and official capacities.

17. At all relevant times hereinafter mentioned, defendant officer At all relevant times hereinafter mentioned, defendant officer AADIL ISHAQ was employed by the City of New York as a member of the NYPD. Officer ISHAQ is sued in his individual and official capacities.

18. At all relevant times hereinafter mentioned, defendants John Does One through Ten were individuals employed by the City of New York as members of the NYPD whose actual and complete identities are not known to plaintiffs at this time. The Doe defendants are sued herein in their individual and official capacities.

19. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343, as well as 42 U.S.C. §1983.

20. Under 28 U.S.C. § 1391(b) and (c) venue is proper in the Eastern District of New York.

## FACTUAL ALLEGATIONS

21. On or about September 5, 2016, at approximately 7:20 pm, plaintiffs were in the area of 505 Utica Avenue in the County of Kings, City and State of New York.

22. The individual approached plaintiffs without justification or provocation and assaulted plaintiffs.

23. Defendant officers then handcuffed plaintiffs, threw them into a police van and transported the plaintiffs to the 67th Precinct.

24. At no point in time was it reasonable or necessary to use any force against the plaintiffs, much less the force that was actually used, nor could a reasonable officer have believed that the use of such force was reasonable or necessary.

25. While at the station house, defendants created arrest paperwork in which they claimed that they observed plaintiffs committing various crimes.

26. At no point did the defendants observe plaintiffs committing any crimes or offenses.

27. The defendants knew, at the time that they were drafting the arrest paperwork, that plaintiffs had not engaged in the conduct as alleged.

28. The defendants each knew that these allegations were being drafted, and that they would be forwarded to the Kings County District Attorney's Office (KCDA) in order to cover up their misconduct and to persuade the KCDA to initiate criminal charges against plaintiffs.

29. The defendants knew and understood that the KCDA, in evaluating whether to commence a criminal prosecution against plaintiffs, would rely on the truthfulness of their claims and statements, and would proceed on an assumption that all of these factual statements and claims were truthful in all material respects, and that no material or exculpatory information had been withheld.

30. Ultimately plaintiffs were transported from the police precinct to the Kings Central Booking where plaintiffs spent additional several hours in custody.

31. All charges against plaintiffs were false and ultimately dismissed or adjourned in contemplate of dismissal.

32. At all relevant times herein, the defendants were on duty and acting within the scope of their employment.

33. At all relevant times herein, each of the individual defendants participated directly in the assault on plaintiffs and the affirmative efforts to cover up that assault thereafter.

34. The defendants attempted to cover up their use of excessive force against plaintiffs by lying about their actions and otherwise failing to report their actions.

35. To the extent that any of the defendants did not participate personally in this misconduct and assault on plaintiffs, each such defendant was aware of the misconduct by their fellow officers, yet failed to take any reasonable steps or make any reasonable effort to prevent or limit such misconduct.

36. Thus, each defendant is responsible for the assault on plaintiffs and the subsequent cover up both for his direct participation in this conduct and his failure to intervene in his co-defendants' misconduct.

37. In so doing, the individual defendants engaged in a joint venture and assisted each other in performing the various actions described, and lent each other their physical presence and support, as well as the authority of their office during these events.

## FIRST CLAIM FOR RELIEF

## FALSE ARREST UNDER 42 U.S.C. § 1983

38. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

39. As a result of defendants' aforementioned conduct, each of the plaintiffs was subjected to an illegal, improper and false arrest by the defendants and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

40. As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, and they were put in fear for his safety, were humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## SECOND CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. §1983

41. Plaintiffs repeat and reallege each and every allegation above as if fully set forth herein.

42. The level of force employed by defendants was objectively unreasonable and in violation of each of the plaintiff's constitutional rights.

43. As a result of the foregoing, the plaintiffs sustained, *inter alia,* loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of their constitutional rights.

## THIRD CLAIM FOR RELIEF
## UNLAWFUL SEARCH UNDER 42 U.S.C. § 1983

44. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

45. Defendants searched plaintiffs in the absence of any individualized reasonable suspicion that plaintiffs were concealing weapons or contraband.

46. As a result of the foregoing, plaintiffs were subjected to an illegal and improper search.

47. The foregoing unlawful search violated plaintiffs' constitutional right to privacy, as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

## FOURTH CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

48. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

49. Defendants misrepresented and falsified evidence before the District Attorney.

50. Defendants did not make a complete and full statement of facts to the District Attorney.

51. Defendants withheld exculpatory evidence from the District Attorney.

52. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiffs.

53. Defendants lacked probable cause to initiate criminal proceedings against plaintiffs.

54. Defendants acted with malice in initiating criminal proceedings against plaintiffs.

55. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiffs.

56. Defendants lacked probable cause to continue criminal proceedings against plaintiffs.

57. Defendants acted with malice in continuing criminal proceedings against plaintiffs.

58. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

59. The charges against each of the plaintiffs, other than JEMEIL DEFREITAS, MONAI MCALLISTER AND LEISHAU MCALLISTER, were terminated in those plaintiffs' favor.

60. As a result, the individual defendants caused plaintiffs, other than JEMEIL DEFREITAS, MONAI MCALLISTER AND LEISHAU MCALLISTER, to be maliciously prosecuted.

61. As a result of the foregoing, plaintiffs sustained, *inter alia*, loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of their constitutional rights.

62. As a result of the foregoing, plaintiffs sustained, *inter alia*, loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

## FIFTH CLAIM FOR RELIEF
## <u>MONELL</u>

63. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

64. Not only has the municipal defendant effectively ratified such misconduct by NYPD members generally, the foregoing violations of plaintiffs' federal constitutional rights and injuries were further directly, foreseeably, proximately, and substantially caused by conduct, chargeable to the defendant City of New York, amounting to deliberate indifference to the constitutional rights of persons, including plaintiff, who are subjected to excessive force and other misconduct by officers the NYPD know have a demonstrated history of such misconduct.

65. Upon information and belief, the municipal defendant was on notice prior to September 5, 2016, that the individual defendants had a history of engaging in misconduct. Notwithstanding such notice, the NYPD failed to take any meaningful supervisory action or otherwise reasonably respond to the defendants' conduct, covered up their further misconduct, and left the defendants in place to continue their pattern and practice of unconstitutional behavior.

66. Upon information and belief, each of the individual defendants has also amassed a number of civilian complaints for a variety of misconduct.

67. Notwithstanding the litany of complaints concerning the defendants' prior misconduct, the City of New York continued to employ the defendants without any change in their status.

68. Moreover, there were, on information and belief, no meaningful investigations into these complaints, and certainly no attempt whatsoever by the NYPD or the City of New York to examine the defendants' general conduct towards the public. Put differently, the City was aware of this pattern of excessive force by some or all of the individual defendants, yet, upon information and belief, made no effort to modify, increase, supplement, or otherwise intensify the defendants' supervision, or otherwise ensure that they would not engage in such blatant misconduct.

69. The City of New York's refusal to impose any discipline, to conduct any meaningful investigation, or to otherwise express even the slightest scintilla of concern that the individual defendants were prone to unnecessary and unjustifiable violence was a clear and unequivocal endorsement of the defendants' misconduct that could only be understood as a ratification of this past misconduct that encouraged the defendants to continue to engage in such misuses of force.

70. Such actions by the City of New York are a reflection of the municipal defendant's repeated an untenable abdication of its responsibility to supervise and discipline its employees, and to otherwise protect the public from officers the NYPD knows are a threat to the public's safety and well being, and

evince a complete disregard and deliberate indifference to the rights and welfare of those with whom these officers, and the defendants in particular, interact.

71. These actions further reflect a policy, custom, and practice, or a ratification through a demonstrated failure to act to curtail such behavior, and thus the aforesaid policies, procedures, regulations, practices and/or customs of the municipal defendant were, collectively and individually, a substantial factor in bringing about the aforesaid constitutional violations by the individual defendants.

72. The City's abdication of its duty to supervise its police officers, and its tacit, if not overt, endorsement of excessive force and similar misconduct, reflects the City's deliberate indifference to the established risks that such conduct poses to the public at large.

73. The City's failure to act in the fact of overwhelming evidence that the defendants were prone to misconduct against civilians is evidence of its deliberate indifference to the individual defendants' demonstrated pattern of behavior, and the very real risk that they would continue to engage in constitutional violations, such as the assault that they eventually committed against plaintiff.

74. By reason thereof, the municipal defendant has violated 42 U.S.C. § 1983 and caused plaintiffs to suffer emotional and physical injuries, mental anguish, and the loss of his constitutional rights.

## SIXTH CLAIM FOR RELIEF
## FAILURE TO INTERVENE

75. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

76. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct, observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

77. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth and Fourteenth Amendments.

78. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## SEVENTH CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL

79. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

80. The individual defendants created false evidence against Plaintiffs.

81. The Individual defendant forwarded false evidence to prosecutors in the Kings County District Attorney's office.

82. In creating false evidence against Plaintiffs, and in forwarding false information to prosecutors, the individual defendants violated Plaintiffs' constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

83. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs requests that this Court:

(a) Award compensatory damages against the defendants, jointly and severally;

(b) Award punitive damages against the individual defendants, jointly and severally;

(c) Award costs of this action to the plaintiffs;

(d) Award reasonable attorneys' fees and costs to the plaintiffs pursuant to 28 U.S.C. § 1988;

(e) Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demands a jury trial.

DATED: August 30, 2019
Brooklyn, New York

*Amy Rameau*
Amy Rameau, Esq.

The Rameau Law Firm
16 Court Street, Suite 2504
Brooklyn, New York 11241
Phone: (718) 852-4759

14

rameaulawny@gmail.com

*Attorney for Plaintiffs*

TO:     All Defendants
         Corporation Counsel of the City of New York